ELI EDGECOMB *vs.* CITY OF LEWISTON.

Androscoggin.    Opinion August 4, 1880.

*Salary of city physician of Lewiston.    City ordinance.    Vote.    Contract of city marshal.*

A vote of the city council of Lewiston, that "the salary of city physician shall be at the rate of $200 per annum, in full for all fees for services rendered to paupers," in compliance with a city ordinance, which also provides that no salary shall be altered during the year, establishes the salary of the city physician for the year to which it relates, and his compensation for the performance of all official duties.

The city marshal has no authority to make any new contract with the city physician, or to pay him an extra compensation for performing services which he was under official obligations to render, nor could the overseers of the poor enlarge his salary.

ON REPORT.

Assumpsit to recover $285 and interest since March, 1873, for services rendered by the plaintiff to patients afflicted with small pox or varioloid, in the city pest house, and elsewhere, at the call of the marshal, from December, 1872, to March 1, 1873. Writ was dated January 24, 1879. The material facts appear in the opinion. If the action could be maintained, the defendant was to be defaulted, and the law court assess damages; otherwise, the plaintiff to be nonsuit.

*L. H. Hutchinson* and *A. R. Savage,* for the plaintiff.

Municipal duties, having relation to the health of inhabitants, are three-fold,—

1. In cases of contagious diseases the duties to be performed by the municipal officers, R. S., c. 14, § 1, *et seq.*

2. In the removal of filth, &c., the duties to be performed by the health committee or officer, R. S. c. 14, § 14, *et seq.*

3. In cases of the pauper sick—the duties to be performed by the overseers of the poor, R. S., c. 24.

The services rendered to the city of Lewiston, to recover the value of which this suit is brought, were rendered in cases falling under the first class, that is, contagious diseases.

Plaintiff's salary as city physician was "$200 per annum, in full for all fees for *services rendered to paupers,*" that is, in cases

falling under the third class.    For all other services he is entitled
to recover what they were reasonably worth.

Plaintiff was properly employed by the municipal officers.

*M. T. Ludden*, city solicitor, for the defendant.

APPLETON, C. J.    The plaintiff was duly elected city physi-
cian.    The duties of the office are prescribed by chapter 4,
section 7, of the city ordinances, which is as follows :

"It shall be the duty of the city physician to attend, under the
general direction of the overseers of the poor, upon all patients
under the care of the city authorities, at the almshouse or else-
where, to render all the services by law incumbent upon physi-
cians appointed by boards of health, to report annually, on the
first of March, to the city council, a bill of mortality or list of
deaths of the previous year, stating the age, sex and disease of
the person deceased.    In case of an alarm of any contagious or
infectious disease, to give to either branch of the city council, or
any committee thereof, all such professional advice and counsel
as they may require of him ; to vaccinate all scholars of the
public schools that may be sent to him by the school committee
for that purpose, and generally to perform such other profession-
al services as may reasonably be required of him by the mayor
and aldermen or the city council."

By c. 3, § 6, it is provided that no salary shall be altered
during the term for which a physician is elected.

No services have been rendered except such as fall within the
requirements of the ordinance determining the duties of the city
physician.    He was obliged to attend upon all patients at the
almshouse or elsewhere, under the care of the city authorities,
upon the general direction of the overseers of the poor.    He did
no more.

The salary act for the year in which the plaintiff was chosen
city physician is in these words : "February 5, 1872, 'The salary
of the city physician shall be at the rate of $200 per annum, in
full for all fees for services rendered to paupers.' "    That takes
effect for the year ending in March, 1873.    This vote does not
relate to the duties of the city physician.    It relieves him from
no official obligation.    It only negatives the possibility of any
additional claims for services rendered paupers.

No vote of the city government is shown sanctioning the plaintiff's claim. The city marshal was not authorized to make any new contract with the city physician or to pay him an extra compensation for performing services which he was under official obligation to render. The overseers of the poor in what is shown to have been said or done by them or any of them were simply performing their duty, but they could not, if they would, enlarge the plaintiff's salary.

The plaintiff has only rendered the services he was bound to render and must content himself with the salary which the city government deemed sufficient compensation for his services.

*Plaintiff nonsuit.*

WALTON, VIRGIN, LIBBEY and SYMONDS, JJ., concurred.